# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:04CR00008 |
| v. ) | **OPINION** |
| ) | |
| **ROBERT LEE WILLIAMS,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Robert Lee Williams, Pro Se Defendant.*

On May 25, 2004, I sentenced defendant Robert Lee Williams to 262 months' imprisonment. (Judgment, ECF No. 20.) On October 18, 2005, I dismissed Williams' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and Williams did not appeal. *Williams v. United States*, No. 7:05CV00335, 2005 WL 2659095, at *3 (W.D. Va. Oct. 18, 2005).

More than ten years later, Williams has filed a pro se motion captioned, "Motion to Correct a Mistake Arising from Oversight or Omission in a Judgment, Order, or Other Part of the Record Pursuant to Rule 60(a) to the Federal Rules of Civil Procedure." Williams argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his sentence imposed under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

Williams may not attack the judgment or sentence via Rule 60(a). The type of change Williams seeks is not correctable via Rule 60(a) as a result of a clerical mistake or a mistake arising from an oversight or omission. Instead, a Rule 60 motion that seeks to add a new ground for collateral relief is in fact a second or successive collateral attack, regardless of how the motion is captioned.[1] *Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

Williams' Rule 60(a) motion falls squarely within the class of motions that must be construed as a new § 2255 motion. Because Williams fails to establish that the United States Court of Appeals for the Fourth Circuit has authorized him to file a successive § 2255 motion, the construed § 2255 motion must be dismissed without prejudice as successive pursuant to 28 U.S.C. § 2255(h).

DATED: March 21, 2016

/s/ James P. Jones
United States District Judge

---

[1] Williams argues that in light of *Castro v. United States*, 540 U.S. 375, 377 (2003), the court should not construe his Rule 60 motion as arising under 28 U.S.C. § 2255. However, *Castro* does not control because Williams already had filed a § 2255 motion that was dismissed with prejudice. Furthermore, the instant motion is not a "mixed" Rule 60 motion warranting any additional warning from the court, and regardless, Williams already noted his preference to not treat the motion as a successive § 2255 motion. *See United States v. McRae*, 793 F.3d 392, 399-400 (4th Cir. 2015); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531-33 (2005) (explaining how to differentiate a true Rule 60 motion from an unauthorized successive habeas motion).