# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:04CR00008 |
| v. | ) **OPINION AND ORDER** |
| ROBERT LEE WILLIAMS, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Robert Lee Williams, Pro Se Defendant.*

In January 2016, Robert Lee Williams filed a pro se "Motion to Correct a Mistake Arising From Oversight or Omission in a Judgment, Order, or Other Part of the Record pursuant to Rule 60(a) of the Federal Rules of Civil Procedure" to challenge the Judgment entered in this criminal action.[1] On March 21, 2016, I noted William could not challenge the Judgment via Rule 60(a) and dismissed the request as an unauthorized second or successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255(h).

Williams has since filed a "Motion to Alter or Amend a Judgment Pursuant to the Provisions Governing Rule 59(e) to the Federal Rules of Civil Procedure." Williams argues that his Rule 60(b) motion was meant to clarify "whether or not

---

[1] I entered the Judgment in May 2004, and Williams did not appeal.

he had been subjected to an enhanced term of imprisonment" under 18 U.S.C. § 924(e)(1).[2] Williams' argument is not accurate because Williams, in fact, asked the court to vacate the conviction via Rule 60(b) and to resentence him without any enhancement as a result of *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). *See, e.g.*, *Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Accordingly, Williams does not establish a valid basis to reconsider the dismissal of the construed Rule 60(b) motion, and it is hereby **ORDERED** that the motion for reconsideration (ECF No. 50) is DENIED.

ENTER: November 1, 2016

/s/ James P. Jones
United States District Judge

---

[2] I note that federal courts are not authorized to issue advisory opinions or opinions for matters that are not an actual case or controversy. *See, e.g.*, *Chi. & S. Air Lines v. Waterman S.S. Corp.*, 333 U.S. 103, 113 (1948); *Muskrat v. United States*, 219 U.S. 346, 356-60 (1911).

-2-